IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


CENTER FOR INDIVIDUAL FREEDOM,          )
                                        )
                      Plaintiff,        )
                                        )
            v.                          )    No. 10 C 4383
                                        )
LISA M. MADIGAN, Attorney General       )
of the State of Illinois,               )
BRYAN SCHNEIDER, Chairman and           )
Member of the Illinois State            )
Board of Elections, WANDA L.            )
REDNOUR, Vice Chair and Member          )
OF THE Illinois State Board of          )
Elections, ALBERT PORTER, Member        )
of the Illinois State Board of          )
Elections, JESSE R. SMART,              )
Member of the Illinois Board of         )
Elections, PATRICK A. BRADY,            )
Member of the Illinois State            )
Board of Elections, WILLIAM M.          )
McGUFFAGE, Member of the Illinois       )
State Board of Elections, JOHN R.       )
KEITH, Member of the Illinois           )
State Board of Elections, and           )
ROBERT J. WATERS, Member of the         )
Illinois State Board of Elections,      )
                                        )
                    Defendants.         )
----------------------------------
                                        )
ILLINOIS CAMPAIGN FOR POLITICAL         )
REFORM,                                 )
                    Amicus.             )


## OPINION AND ORDER


          Plaintiff Center for Individual Freedom ("CFIF") has

filed suit against the Illinois Attorney General and members of

the Illinois State Board of Elections seeking to enjoin the
enforcement of certain registration, disclosure, and reporting
provisions[1] of the Illinois Election Code. Plaintiff contends it
should not be subject to reporting provisions that may be
required of entities that expend and/or receive money for
advocacy related to elections. On a facial challenge, plaintiff
contends certain provisions of Illinois law are invalid for two
reasons. Plaintiff contends reporting provisions pertaining to
nonprofit organizations violate equal protection because labor
unions are excluded from the statute's application. Plaintiff
contends there is an equal protection violation because unions
are treated more favorably by having less stringent reporting
requirements. Plaintiff also contends the reporting requirements
applicable to nonprofit organizations and political committees
should be held to be unenforceable because the type of speech
that subjects an entity to the reporting requirements is vaguely
defined. Plaintiff contends that its decision to engage in
certain advocacy during the current election cycle[2] will be

---

[1]For simplicity in presentation, the requirements as a
whole will henceforth be referred to as "reporting" requirements
or provisions.

[2]Plaintiff also refers to continuing to engage in similar
advocacy in the future. The statutes at issue, though, will be
amended effective January 1, 2011. Also, since the issue
presently before the court is a preliminary injunction, only the
current provisions of the law will be considered in today's
opinion.

- 2 -

affected by whether certain speech subjects it to the reporting requirements.  Presently pending is plaintiff's motion for a preliminary injunction.  The parties agree that the issue of a preliminary injunction can be resolved on the papers before the court,[3] without the need for testimony.[4]

CFIF is a nonprofit corporation under § 501(c)(4) of the Internal Revenue Code.  It desires "to speak about judicial matters, legal reform, and other justice-related public policy issues in Illinois during the period prior to the upcoming November 2, 2010 general election . . . when candidates provide useful illustrations of [CFIF]'s concerns."  Compl. ¶ 4(d). CFIF's "planned speech would refer to candidates in upcoming elections and to issues of public importance related to those candidates, but would not use explicit words such as 'vote for' or 'defeat' to expressly advocate the election or defeat of any candidate."  Id. ¶ 4(e) (emphasis added).

----

[3]While not contending a hearing is necessary, defendants do contend that plaintiff must specifically identify its intended speech and, as to a particular issue, more specifically identify potential injury.

[4]The court previously granted leave permitting the Illinois Campaign for Political Reform ("ICPR") to file an amicus curiae brief opposing the preliminary injunction motion.  ICPR advocates election reform, including previously supporting passage of the statutes presently challenged by plaintiff. Although ICPR was granted leave to file its brief, most of the contentions in that brief, which primarily concern the justifications for the challenged provisions and possible harm to the public interest, need not be reached in resolving the preliminary injunction motion.

Illinois law provides: "Each nonprofit organization, except for a labor union, that accepts contributions, makes contributions, or makes expenditures during any 12-month period in an aggregate amount exceeding \$5,000 (I) on behalf of or in opposition to public officials, candidates for public office, or a question of public policy or (II) for electioneering communications shall register with the State Board of Elections." 10 ILCS 5/9-7.5(a). Registration consists of the name, address, and purpose of the organization and the identification of principal officers and custodians of financial records. Id. 5/9-7.5(a)(1)-(3). The nonprofit organization must file semiannual reports of campaign contributions and expenditures, with the report for the second half of the year being due January 20 of the following year.[5] Id. §§ 5/9-7.5(c), 5/9-10(b)-(c); Ill. Admin. Code § 100.130(b). Included among the items to be reported are: funds on hand; the total amount of contributions collected and transfers of funds made; the name and address of each person donating more than \$150; the occupation and employer of each person donating more than \$500; the name and address of each organization or political committee to which or from which more than \$150 was transferred; and other expenditures

---

[5]No party expresses an opinion as to whether, in light of the repeal of § 5/9-7.5 effective January 1, 2011, a nonprofit organization would be required to file the second half of 2010 report that would otherwise be due January 20, 2011.

exceeding $150.   10 ILCS 5/9-7.5(b).   By 15 days prior to this
November's general election, a nonprofit organization that is
subject to registration and which expends or contributes more
than $500 on behalf of or in opposition to a candidate for office
or a public question on the ballot, must file a report of
contributions received and/or made up to 30 days before the
election.[6]   10 ILCS 5/9-7.5(c), 5/9-10(b); Ill. Admin. Code
§§ 100.70(d), 100.130(b).

        Essentially identical reporting requirements apply to a
"political committee."   10 ILCS 5/9-10, 9-13, 9-14.   Assuming
plaintiff engages in covered speech and makes the requisite level
of expenditures, even absent the statutory requirements
specifically applicable to a nonprofit organization, plaintiff
would be subject to the reporting requirements based on being a
political committee.   A political committee includes a
"corporation or other organization . . . which . . . makes
expenditures during any 12-month period in an aggregate amount
exceeding $3,000 on behalf of or in opposition to a candidate or
candidates for public office . . . [or] in support of or in
opposition to any question of public policy to be submitted to
the electors . . . [or] for electioneering communications."   Id.

_____

        [6]Such a report is due prior to the January 2011 repeal of
10 ILCS 5/9-7.5.

§§ 5/9-1.7(a), (b), (d), -1.8(a), (b), (d).[7] See also id. § 5/9-1.9.[8]

The Election Code defines "expenditure" as "a payment, distribution, purchase, loan, advance, deposit, or gift of money or anything of value, in connection with the nomination for election, or election, of any person to public office." Id. § 5/9-1.5 (emphasis added).

The Election Code defines "electioneering communication" as including "any broadcast, cable, or satellite communication, including radio, television, or Internet communication, that (1) refers to (i) a clearly identified candidate or candidates who will appear on the ballot for . . . election, or retention, (ii) a clearly identified political party, or (iii) a clearly identified question of public policy that will appear on the ballot, (2) is made within (i) 60 days before a general election . . ., (3) is targeted to the relevant electorate, and (4) is

_____

[7]Also falling within the definition of a political committee is an entity which "has as its primary purpose the furtherance of governmental, political or social values, is organized on a not-for-profit basis, and which publicly endorses or publicly opposes a candidate or candidates for public office" and has expenditures of more than $3,000 in connection with an election. 10 ILCS 5/9-1.7(c), -1.8(c).

[8]Section 9-1.7 defines "local political committee" and § 9-1.8 defines "state political committee." The distinction is whether the pertinent candidate is running for local or state office or the public policy issue is in a local or wider election. Section 9-1.9 applies to both types of political committees.

susceptible to no reasonable interpretation other than as an
appeal to vote for or against a clearly identified candidate for
. . . election, or retention, a political party, or a question of
public policy." 10 ILCS 5/9-1.14(a). See also id. §§ 5/9-
8.6(b), 28.5.[9] Plaintiff does not contend that the definition of
electioneering communication is unconstitutionally vague nor that
requiring an organization that engages in such communications to
register violates the Constitution. Plaintiff, however, contends
that it does not intend to engage in such communications during
this election season. For present purposes, it will be assumed
that plaintiff plans to expend funds on communications described
in ¶ 4(e) of its Complaint, but none of those communications will
qualify as electioneering communications because they will not
satisfy § 9-1.14(a)(4)

Before the court is a motion for a preliminary
injunction.

> An equitable, interlocutory form of
> relief, "'a preliminary injunction is an
> exercise of a very far-reaching power, never
> to be indulged in except in a case clearly
> demanding it.'" Roland Mach. Co. v. Dresser
> Indus., Inc., 749 F.2d 380, 389 (7th Cir.
> 1984) (quoting Warner Bros. Pictures,
> Inc. v. Gatineau, 110 F.2d 292, 293 (3d Cir.
> 1940) (per curiam)). To determine whether
> a situation warrants such a remedy, a
> district court engages in an analysis that

[9]Sections 1.14, 8.6, and 28.6 all went into effect on
July 1, 2010 and will remain in effect after December 31, 2010.
Plaintiff does not challenge these provisions.

proceeds in two distinct phases: a
threshold phase and a balancing phase.

To survive the threshold phase, a
party seeking a preliminary injunction must
satisfy three requirements. See Ty, Inc. v.
Jones Group, Inc., 237 F.3d 891, 895 (7th
Cir. 2001); Lawson Prods., Inc. v. Avnet,
Inc., 782 F.2d 1429, 1433 (7th Cir.1986).
First, that absent a preliminary injunction,
it will suffer irreparable harm in the
interim period prior to final resolution of
its claims. Ty, 237 F.3d at 895. Second,
that traditional legal remedies would be
inadequate. Id. And third, that its claim
has some likelihood of succeeding on the
merits. Id. If the court determines that
the moving party has failed to demonstrate
any one of these three threshold
requirements, it must deny the injunction.
Abbott Labs. v. Mead Johnson & Co., 971 F.2d
6, 11 (7th Cir. 1992). If, however, the
court finds that the moving party has passed
this initial threshold, it then proceeds to
the balancing phase of the analysis. Id.

In this second phase, the court, in an
attempt to minimize the cost of potential
error, see Am. Hosp. Supply Corp. v. Hosp.
Prods. Ltd., 780 F.2d 589, 593-94 (7th Cir.
1986), "must somehow balance the nature and
degree of the plaintiff's injury, the
likelihood of prevailing at trial, the
possible injury to the defendant if the
injunction is granted, and the wild card
that is the 'public interest,'" Lawson
Prods., 782 F.2d at 1433. Specifically, the
court weighs the irreparable harm that the
moving party would endure without the
protection of the preliminary injunction
against any irreparable harm the nonmoving
party would suffer if the court were to
grant the requested relief. Abbott Labs.,
971 F.2d at 11-12. In so doing, the court
employs a sliding scale approach: "[t]he
more likely the plaintiff is to win, the
less heavily need the balance of harms weigh
in his favor; the less likely he is to win,
the more need it weigh in his favor."
Roland Mach., 749 F.2d at 387; see also Ty,

- 8 -

> 237 F.3d at 895; <u>Abbott Labs.</u>, 971 F.2d at
> 12. Where appropriate, this balancing
> process should also encompass any effects
> that granting or denying the preliminary
> injunction would have on nonparties
> (something courts have termed the "public
> interest"). <u>Ty</u>, 237 F.3d at 895; <u>Roland
> Mach.</u>, 749 F.2d at 388. Taking into account
> all these considerations, the district court
> must exercise its discretion "to arrive at a
> decision based on a subjective evaluation of
> the import of the various factors and a
> personal, intuitive sense about the nature
> of the case." <u>Lawson Prods.</u>, 782 F.2d at
> 1436.

<u>Girl Scouts of Manitou Council, Inc. v. Girl Scouts of United
States of Am., Inc.</u>, 549 F.3d 1079, 1086 (7th Cir. 2008).

Plaintiff acknowledges that, if it engages in covered
communications, it would be subject to the Election Code's
registration requirements based on either the § 5/9-7.5
provisions applicable to nonprofit corporations or based on being
a political committee. Merely invalidating the provision
excluding labor unions from the act would not benefit plaintiff
because it would still be obliged to register under the provision
regulating "political committees." Therefore, plaintiff has to
show a likelihood of success at invalidating both provisions in
order to satisfy the threshold likelihood of success requirement.
Plaintiff's vagueness contention applies to both the nonprofit
organization provisions and political committee provisions. For
purposes of preliminary relief, it is unnecessary to decide
whether the nonprofit organization provision improperly

- 9 -

discriminates in favor of the speech of unions[10] because, even if
that statute were invalid for that reason, plaintiff would still
be subject to the registration requirements based on being a
political committee, which does not contain a union exception.
Therefore, it need only be determined if plaintiff has a
likelihood of success on the merits based on its vagueness
contentions.

Plaintiff contends the registration requirements are
invalid because the type of expenditures that subject an entity
to the registration requirements are too vaguely defined.
Plaintiff focuses on expenditure being defined as payments, etc.
"in connection with" elections. Citing Buckley v. Valeo, 424
U.S. 1, 43-44 (1976), Federal Election Comm'n v. Massachusetts
Citizens for Life, Inc., 479 U.S. 238, 248-50 (1986), and CFIF v.
Carmouche, 449 F.3d 655, 664 (5th Cir. 2006), plaintiff contends
registration can only be required if the person or entity uses
explicit language that expressly advocates the election or defeat
of a clearly identified candidate. Defendants contend the

---

[10]One necessary element of plaintiff's equal protection
contention is that unions be treated more favorably than other
nonprofit organizations. See California Med. Ass'n v. Federal
Election Comm'n, 453 U.S. 182, 200 (1981). While § 5/9-7.5 is
inapplicable to unions, defendants contend that other provisions
impose more stringent reporting requirements on unions than are
imposed on nonprofit organizations generally. For present
purposes, it is unnecessary to resolve whether unions are
subjected to less stringent reporting requirements than other
nonprofit organizations nor whether there is sufficient
justification for treating them less stringently.

limitation urged by plaintiff applies to prohibitions or
restrictions on election-related speech itself, but not to
reporting requirements regarding election-related speech.[11]
Defendants also argue that the specific provisions regarding
nonprofit organizations and political committees further define
the type of expenditures by specifying the minimum level of
expenditure required and that the expenditures be "on behalf of
or in opposition" to a candidate or issue, for public
endorsements or opposition to a candidate, or for electioneering
communications.

Recently, in Citizens United, the Supreme Court expressly
rejected the contention that election-law disclosure requirements
are limited to express advocacy or its functional equivalent.
130 S. Ct. at 915. Even as to an advertisement that "only
pertains to a commercial transaction" and did not engage directly
in political speech, the government can require disclosure of
"who is speaking about a candidate shortly before an election."
Id. See also National Org. for Marriage v. McKee, ___ F. Supp.
2d ___, 2010 WL 3270092 *9 (D. Me. Aug. 19, 2010). Similarly,

---

[11]Defendants also point out that, in Federal Election
Comm'n v. Wisconsin Right To Life, Inc., 551 U.S. 449, 469-70
(2007), the Supreme Court expanded the "express advocacy"
standard to also include the functional equivalent of express
advocacy which would be an advertisement "susceptible of no
reasonable interpretation other than as an appeal to vote for or
against a specific candidate." See also Citizens United v.
Federal Election Comm'n, 130 S. Ct. 876, 889-890 (2010).

the express advocacy rule does not apply to registration requirements, including related reporting, recordkeeping, and disclosure requirements.  See McKee, 2010 WL 3270092 at *4, 9-10, 12.  The Illinois Election Code defines with sufficient clarity the type of expenditures and the related speech that subjects an entity to the registration requirement.  Cf. id. at *7-8.  The statutes at issue are not invalid because unconstitutionally vague.

       The statutes at issue are not unconstitutionally vague and plaintiff raises no other sufficient basis for invalidating the reporting requirements as they pertain to plaintiff. Plaintiff has failed to establish some likelihood of succeeding on the merits.  Therefore, it is unnecessary to also consider the balance of harms.

       IT IS THEREFORE ORDERED that plaintiff's motion for preliminary injunction [6] is denied.  A status hearing is set for September 30, 2010 at 11:00 a.m.


                         ENTER:


                              _____
                              UNITED STATES DISTRICT JUDGE


DATED:  AUGUST    2 2010